IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LARRY-WAYNE KELLY,
    Plaintiff,

vs.                                           Case No.: 3:15cv58/MCR/EMT

JEFF R. GADDY,
    Defendant.
_____/

**REPORT AND RECOMMENDATION**

      This cause is before the court on Plaintiff's amended complaint filed pursuant to 42 U.S.C. § 1983 (doc. 4). Plaintiff has paid the filing fee in full.

      Because Plaintiff is a prisoner in the Florida Department of Corrections ("FDOC"), the court is required to review and dismiss the case if it determines that it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief. " 28 U.S.C.A. § 1915A(b). The language in this subsection tracks the language of Federal Rule of Civil Procedure 12(b)(6), and thus dismissals for failure to state a claim are governed by the same standard as Rule 12(b)(6). Leal v. Ga. Dep't of Corr., 254 F.3d 1276, 1278–79 (11th Cir. 2001). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). To survive review under § 1915A(b)(1) for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quotation and citation omitted). A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's

liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quotation and citation omitted). Finally, in civil rights cases, more than "mere conclusory notice pleading" is required, and a complaint is subject to dismissal "as insufficient where the allegations it contains are vague and conclusory." Gonzalez v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003) (quotation and citation omitted). Upon review of the Amended Complaint, the court concludes that facts set forth by Plaintiff fail to state a claim for relief that is plausible on its face. Dismissal of this action is therefore warranted.

As the Court briefly described in its April 24, 2015, order to amend (doc. 3), Plaintiff's complaint emanates from what has been described as the "Sovereign Citizen Movement," which, in short, advances the argument that individuals, as natural humans, are their own "Secured Party Sovereigns." *See* Schlager v. Beard, 398 F. App'x 699, 701–02 (3d Cir. 2010); Rowe v. Pennsylvania, No. 13-4094, 2014 WL 2805245, at *3 (E.D. Pa. Jun 20, 2014). As such, these individuals proclaim themselves as citizens of the United States only by contracts which are constrained through such laws as the Uniform Commercial Code ("UCC"), one of the results evidently being that the individual is not properly or jurisdictionally subject to the criminal laws of the state or federal government. Gravatt v. United States, 100 Fed. Cl. 279, 286–89 (Fed. Cl. 2011). Plaintiff, in setting out his claims, often refers to supposed commercial transactions, bonds and other documents, which, evidently taken together, demonstrate that his state criminal conviction was without a jurisdictional basis. The lone Defendant in this action is Jeff R. Gaddy, an Assistant State Attorney in Pensacola, Florida, who successfully prosecuted the criminal action against Plaintiff.[1]

In ordering Plaintiff to amend, the court noted the vague and disorganized status of the complaint and directed him to use the court's form for use in Section 1983 complaints, as required under the Local Rules of this court, but also so that Plaintiff might use the form as a guide to improve the organization of his claims and allegations. This Plaintiff has done, although he attached

---

[1] Other than his mention of Case Nos. "2011 CF 00249A; 11 CF 2519," Plaintiff does not identify his criminal conviction(s). Of course, Plaintiff's current incarceration at Bay Correctional Facility, which is within the FDOC, further signifies that he was convicted in the State of Florida, as does the fact that Defendant Gaddy is identified as a prosecutor for the State of Florida. Finally, the FDOC website lists Plaintiff among its inmate population at Bay Correctional Facility and further indicates he is incarcerated under a May 29, 2011, conviction on several charges in Escambia County, Florida. *See* http://www.dc.state.fl.us/activeinmates/detail.asp?Bookmark=1&From=list&SessionID=994534671.

Case No.: 3:15cv58/MCR/EMT

additional pages which again consist of numerous citations to commercial transactions and UCC provisions.

Nonetheless, Plaintiff clearly states in the amended complaint—as he did in the initial complaint—that he seeks as relief his immediate release from prison (doc. 4 at 13).  Thus, although Plaintiff filed his complaint pursuant to 42 U.S.C. § 1983, he seeks relief in the nature of habeas corpus.  Based upon the Supreme Court decision in Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), dismissal of the instant action is warranted.  The Court in Heck stated that an action under section 1983 that by its nature challenges the lawfulness of a conviction or sentence is not cognizable unless and until the sentence or conviction is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 2372.  Absent such an invalidation, the section 1983 suit must be dismissed.

Heck reaffirmed what the Supreme Court earlier stated in Preiser v. Rodriguez, 411 U.S. 475, 490 (1973), that "Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983."  Regardless of the label Plaintiff may place on the action, any challenge to the fact or duration of a prisoner's confinement is properly treated as a habeas corpus claim.  Prather v. Norman, 901 F.2d 915, 918–19 n.4 (11th Cir. 1990) (per curiam); McKinnis v. Mosley, 693 F.2d 1054, 1057 (11th Cir. 1982).  Thus, claims for declaratory or injunctive relief which are in the nature of habeas corpus claims because they challenge the validity of a conviction or sentence are simply not cognizable under § 1983.  Abella v. Rubino, 63 F.3d 1063, 1066 (11th Cir. 1995).  Furthermore, though the complaint is unclear as to whether Plaintiff also seeks monetary damages,[2] to the extent he does so, the holding in Heck specifically extended the holding in Preiser to damage claims and held that such claims are not cognizable unless and until the conviction is overturned.  Heck, 512 U.S. at 487, 114 S. Ct. at 2372.

---

[2] In the "Relief Requested" section of the complaint form, Plaintiff states, "The bonds are in my name" (doc. 4 at 13).  Since bonds are obviously financial instruments, and Plaintiff mentions bonds in the facts of the complaint, albeit in an inscrutable fashion, in relation to Defendant Gaddy's actions in prosecuting the criminal action against Plaintiff, it appears that Plaintiff also seeks damages relative to his conviction.

Because the instant complaint uses a civil rights action to seek redress for convictions that have yet to be invalidated through habeas corpus or other such proper avenues for relief, it is barred by Heck and therefore should be dismissed.

Accordingly, it respectfully **RECOMMENDED**:

1. That Plaintiff's claims be **DISMISSED** without prejudice pursuant to 28 U.S.C.A. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

2. That all pending motions be denied as moot.

**DONE AND ORDERED** this 29th day of May 2015.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**